THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Maria Avila on behalf of herself and others similarly situated, | ) ) ) | Case No:19-cv-8385 |
| Plaintiff, | ) ) ) | |
| v. | ) | |
| Nadia Ardalan Espinel and Abbvie, Inc., | ) ) ) | Jury demanded on all counts so triable |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff Maria Avila on behalf of herself and others similarly situated, for their Complaint against Defendants allege as follows:

### INTRODUCTION

1. This complaint is brought on behalf of Plaintiff and other similarly situated individuals. They seek relief for violations of their rights by Defendants the Trafficking Victims Protection Act (TVPA 18 U.S.C. § 1595), the Fair Labor Standards Act (FLSA, 29 U.S.C. §201, et seq), the Illinois Minimum Wage Law, (IMWL 820 ILCS 105/4a. ), the Illinois Wage Payment and Collection Act (IWPCA, 820 ILCS 115/1 et seq.), and the principles of Illinois contract theory.

2. By regulation, an employer seeking an B1 visa for workers must disclose in writing: (A) the place of employment; (B) the wage rates to be paid; (C) the kinds of activities on which the worker may be employed; (D) the period of employment;

3. Defendants knowingly and intentionally lied to Plaintiff about the terms and conditions of employment that they were to work under.

4. That is, Defendants lied to Plaintiff and the Department of Labor telling them she would be paid a certain wage and hours and would be paid overtime for any hours

worked over 40 per week.

5. Plaintiff realized that Defendants had no intention of complying with the promises they made and assurances given to the Department of Labor, and that she would not be paid the wages promised them nor any overtime pay for hours worked in excess of 40 hours per week.

6. As a result, Plaintiff and others like her suffered harm in that they did not receive the promised hourly wages nor overtime pay as required.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1964 and 28 U.S. Code § 1331. The court has supplemental jurisdiction over Plaintiff's Illinois statutory claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this judicial district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction in this judicial district and reside and/or do business in this district. The acts initiated by Defendants and causing harm to plaintiff occurred in this district.

## PARTIES

9. Plaintiff Maria Avila is a citizen of Colombia who was fraudulently induced to travel to Illinois with certain wage and hourly pay promises.

10. Defendant Nadia Ardalan Espinel is employed by Defendant Abbvie, Inc. and performs certain functions for Defendant Abbvie, , and was responsible for supervising Plaintiff and had authority to hire and fire her and was responsible for complying with program requirements for Plaintiff's visa .

11. At all times relevant herein, Defendant Espinel was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and the IMWL. She exercises the authority to

hire and fire Plaintiff supervised and controlled their work schedules and conditions of employment, and determined their rate and method of payment.

12. Defendant Abbvie, Inc., is, and at all times relevant was, an enterprise as defined in Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(l), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(l)(A).

13. Defendant Abbvie, Inc. , is a Delaware corporation which employs people and maintains multiple sites in Illinois including its headquarters in North Chicago.

14. At all times relevant herein, Defendant Abbvie , Inc., was an "employer" as defined in the FLSA, 29 U.S.C. § 203(s)(l)(A), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

15. Defendants jointly employed Plaintiff and similarly situated workers within the meaning of the FLSA and the IMWL, and are jointly and severally liable for the violations of law asserted herein.

16. Plaintiff Maria Avila worked for Defendants from approximately July 2017 through July 2018.

## FACTUAL ALLEGATIONS

17. For a number of years, Defendants have routinely obtained labor through the B1 worker visa program administered by the U.S. Department of Labor pursuant to 8 U.S.C. §1101(a)(15)(H)(i)(b).

18. Plaintiff was hired by Defendant Ardalan Espinel, who was transferred to North Chicago as the Human Resources Director of the company ABBVIE , Inc.

19. Plaintiff was to be paid a particular salary for a set number of hours per week to be employed as a domestic worker for Defendant Ardalan Espinel

20. Plaintiff complained soon after arriving when Defendant Ardalan refused to reimburse Plaintiff for her travel to the U.S. after having agreed otherwise.

21. Plaintiff soon realized that Defendant Ardalan had no intention of honoring the agreement she made with Plaintiff and required Plaintiff to remain at Defendant's residence, and to wait on Defendant's frequent and multiple guests.

22. Plaintiff's duties included attending to Defendant's guests, more than full-time work as a nanny, all the domestic tasks in the entire household .

23. When she arrived, Defendants Ardalan took away her documents, work visa and tourist visa.

24. Defendant Ardalan, worked from 6 in the morning until 9 at night without any rest only 15 min for lunch due to the number of guests.

25. In late October 2017 Plaintiff complained to Ardalan that her contract was for 8 hours daily and that Plaintiff was working more than double the hours she had agreed to and which appeared on contract that accompanied Plaintiff's visa application.

26. Ardalan responded that she needed Plaintiff to work more than the contract called for without any overtime payment.

27. That day, Plaintiff complained of back pain due to the strenuous and long hours she was not given any medical insurance or the necessary medical attention due.

28. In February of 2018, Plaintiff experienced a strong pain in her hip and back, which did not allow her to stand or hold anything.

29. On this occasion and others Defendant finally allowed Plainitiff to seek medical help.

30. Defendant Ardalan defended her actions by saying that the contract was a Colombian contract and not affected by United States laws.

31. Ardalan never paid Plaintiff extra for the extra time Plaintiff worked, nor did Defendant pay overtime. Ardalan only paid Plaintiff monthly and not as her contract stated.

32. On or about July 1, 2018, Plaintiff once again expressed her disagreement with the long hours and low pay in contravention of her agreement with Ardalan.

33. Plaintiff returned to Colombia shortly thereafter, unable to get Ardalan to agree to honor the terms of employment as agreed.

34. Plaintiff complained to the Colombian embassy and unable to resolve any issue was told by Ardalan that she would notify the company's attorneys that they would cancel Plaintiff's work visa.

35. Defendant effectively engaged in trafficking and labor exploitation Plaintiff .

36. Employers seeking the admission of H-B1 workers must file an Application for Temporary Employment Certification with the Department of Labor. The requirements for such visas are set out at 20 C.F. R. §656.19, Live-in household domestic service workers.

37. In these applications for domestic workers, employers must attach copies of the employment contract between the sponsor and worker, which are signed and dated prior to filing the application. 20 C.F. R. §656.19(b)(2)

38. The contracts must specify: 1) the wages to be paid on an hourly and weekly basis; 2) the total hours of employment per week and exact hours of daily employment;. 3) that the worker is free to leave the employer's premises during all non-work hours except the alien may work overtime at no less than the legally required rate; 4) complete details of the duties to be performed by the worker; 5) that a duplicate contract has been furnished to the alien; 6) that a private room and board will be provided at not cost to

the worker; 7) other terms and conditions of employment offered to the workers, including minimum terms and conditions required to be offered by employers pursuant to 20 C.F.R. §656.19(b)(2)(i-x).

39. Defendants applied for and obtained Department of Labor certificates authorizing Defendants to employ Plaintiff to serve as domestic help and as a nanny for Defendant Ardalan.

40. In each of Defendants' HB1 applications and certifications, Defendants and/or Defendants' agent affirmed and agreed, under penalty of perjury, that Defendants would comply "with applicable Federal, State, and local employment laws and regulations."

41. Contrary to these regulations, Defendants failed to pay Plaintiff the wages they represented she would be paid in their application to the Department of Labor and failed to pay any overtime premium for the hours that Plaintiff worked beyond 40 per week.

42. Plaintiff was paid at a rate less than regular rate stated in their HB1 application.

43. Plaintiff was not paid at the overtime rate for any hours worked over forty.

44. Defendant Ardalan further victimized Plaintiff by taking any and all visa documents from Plaintiff upon her arrival to the U.S. so that she would feel beholden to Defendants.

45. When Plaintiff complained about not being paid overtime Defendants threatened her with termination.

46. Present in the United States without any recourse, Plaintiff accepted the unjust and illegal working conditions and wages.

**Breach of Contract Allegations**

47. By virtue of her employment with Defendants, Plaintiff and other similarly

situated HB1 workers had contracts with Defendants. These contracts incorporated the HB1 regulations existing at the time of their employment.

48. As detailed herein Defendants failed to pay Plaintiff the wages agreed upon in their employment contract through which they sought Plaintiff's presence in the United States and failed to respect the hourly requirements of the job as set forth in their employment contract.

49. Defendants also failed to pay overtime for any and all hours worked over forty per week.

50. Plaintiff has attached a consent to sue to this Complaint.

## Collective Action Allegations

51. Plaintiff brings Count I of this action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct and who file written consent to sue ("the FLSA Class").

52. The FLSA Class, of which Plaintiff is a members, and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, is composed of and defined as follows:

> All domestic workers employed by Defendants who performed domestic and other work from December 6, 2016 through the present.

53. Plaintiff is unable to state at this time the exact size of the potential collective, but upon information and belief, avers that it consists of several persons.

54. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and

former employees are similarly situated with regard to their wages and claims for unpaid wages and damages, are readily identifiable by Defendants, and should receive notice and an opportunity to join this lawsuit pursuant to 29 U.S.C. § 216(b).

## Count I
## Fair Labor Standards Act (FLSA) 29 U.S.C. §201- Collective Action

55. The allegations of paragraphs 1 through 54 are incorporated herein by reference.

56. Under the FLSA, 29 U.S.C. §201, et seq., Plaintiff and others similarly situated are entitled to overtime pay equal to one and one half times usual rate of pay for all hours worked in excess of forty per week.

57. Defendants have failed to and refused to pay Plaintiff and others similarly situated this rate as required under the FLSA by requiring Plaintiff to work as many as 15 hours per day 7 days per week and failing to pay the required overtime premium rate.

58. The Defendants willfully violated the FLSA requirements.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendants as follows:

   a. Ordering Defendants to pay Plaintiff and others similarly situated liquidated damages under 29 U.S.C. §260,

   b. Ordering Defendants to pay reasonable attorneys' fees and costs of the action under 29 U.S.C. §216(b).

## Count II
## Trafficking Victims Protections Act 18 U.S.C. § 1595- Class Action

59. The allegations of paragraphs 1 through 58 are incorporated herein by reference.

60. As set forth above, defendants violated the prohibitions against Fraud in Foreign Labor Contracting found at 18 U.S.C. § 1351, by committing visa fraud by causing

Plaintiff and others similarly situated to leave their country on reliance of Defendants' requirement to pay amounts attested to in their HB1 applications.

61. Defendant Ardalan also violated the prohibitions against Forced Labor found in 18 U.S.C. § 1589, which prohibits forced labor obtained by means of the abuse or threatened abuse of law or legal process; or by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

62. Defendant Ardalan took all travel and visa documents from Plaintiff upon her arrival and used these to intimidate Plaintiff and others so as not to seek redress for the violations of their rights.

63. WHEREFORE, plaintiff requests that this Court enter judgment against the Defendants as follows:

   a. Compensation to Plaintiff and others similarly situated for all the funds expended by them to apply for accept the fraudulently offered positions and travel and expenses to the United States for the purposes of entering into employment with Jimenez & Sons, Inc. ;

   b. Damages to Plaintiff and others similarly situated for victimizing them and placing them into a position where they were unlikely to leave sue to the dependence upon Defendants caused by Defendants.

   c. Attorneys fees.

## COUNT VI
## Illinois Minimum Wage Law 820 ILCS 105/4a- Class Action

64. The allegations of paragraphs 1 through 63 are incorporated herein by reference.

65. The Illinois Minimum Wage Law, at 820 ILCS 105/4a, provides that "no

employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

66. Defendants' practice and policy of not paying Plaintiff and other members of the Class overtime compensation at a rate of one and one-half times their regular rates of pay for all of their hours worked in excess of 40 hours in a workweek violated 820 ILCS 105/4a.

67. As a result of Defendants' violation of 820 ILCS 105/4a, Plaintiff and other members of the Class have been damaged in that they have not received wages due to them pursuant to 820 ILCS 105/4a.

68. Defendants jointly employed Plaintiff and other members of the Class pursuant to the IMWL and are jointly and severally liable for the IMWL violations.

WHEREFORE, Plaintiff prays that this Honorable Court:

    A.    Order prompt notice to all class members that this litigation is pending.

    B.    Award Plaintiff and similarly situated workers their unpaid overtime wages.

    C.    Issue an order certifying the Class pursuant to Federal Rule of Civil Procedure 23(b)(3) for pursuit of the claims asserted here;

    D.    Award Plaintiff and the Class penalties in the amount of 2% of the underpayment per month for the length of the violations of the IMWL pursuant to 820 ILCS 105/12;

    E.    Award Plaintiff and the Class reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 216(b), and 820 ILCS 105/12,

and

## COUNT VII
### Illinois Wage Payment and Collection Act 820 ILCS 115/1 - Class Action

69. The allegations of paragraphs 1 through 68 are incorporated herein by reference.

70. The Illinois Wage Payment and Collection Act, at 820 ILCS 115/10, provides that "employers shall notify employees, at the time of hiring, of the rate of pay and of the time and place of payment."

71. Defendants' practice and policy of paying Plaintiff less than what the HB1 worker agreement stated violated 820 ILCS 115/10.

72. As a result of Defendants', Plaintiff and other members of the Class have been damaged in that they have not received wages due to them pursuant to the IWPCA.

73. Defendants jointly employed Plaintiff and other members of the Class pursuant to the IWPCA and are jointly and severally liable for the IWPCA violations.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Order prompt notice to all class members that this litigation is pending.

B. Award Plaintiff and similarly situated workers their unpaid agreed wages.

C. Issue an order certifying the Class pursuant to Federal Rule of Civil Procedure 23(b)(3) for pursuit of the claims asserted here;

D. Award Plaintiff and the Class penalties in the amount of 2% of the underpayment per month for the length of the violations of the IWPCA pursuant to 820 ILCS 115/14;

E. Award Plaintiff and the Class reasonable attorneys' fees, costs, and litigation expenses pursuant to 820 ILCS 115/14.

## COUNT VIII

## Breach of Contract

74. The allegations of paragraphs 1 through 73 are incorporated herein by reference.

75. Plaintiffs' employment contract with Abbvie, incorporated the federal HB1 regulations.

76. At all relevant times, Plaintiff and other HB1 workers materially performed all employment duties and responsibilities required of them under the employment contract described above.

77. Defendants breached Plaintiff's and other HB1 workers' employment contracts in the following ways:

   a. Defendants never paid their HB1 workers the wages they agreed to pay them nor premium overtime pay of one and one half times their regular rate of pay for all hours worked in excess of 40 per week. for inbound border crossing, subsistence, and transportation expenses.

WHEREFORE, Plaintiff prays that this Honorable Court:

   A. Order prompt notice to all class members that this litigation is pending.

   B. Award Plaintiff and similarly situated workers the damages owed as a result of the breach.

   C. Any further relief as the Court deems just and proper.

By: *Jorge Sanchez*
One of Plaintiff's Attorneys

Jorge Sanchez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784                    DATED: December 21, 2019